John Peak et al *v.* Mary Hayden et al.

**Adverse Possession—Conflicting Claim of Title—Best Possession Prevails.**
　　Where neither litigant shows documentary evidence of title derived
　　from the government, a constructive possession will prevail over a claim-
　　ant, who had not the property under enclosure.

APPEAL FROM MEADE CIRCUIT COURT.

January 30, 1870.

Opinion of the Court by Judge Robertson:

In this suit of equity by the appellants vs. the appellees for trespass on land and a *quietus* as to title, neither party proved any documentary title derived from the Commonwealth, and there is some difficulty in a judicial determination of the possessory right.

The evasiveness of the answer of the appellees to the petition of the appellants and some admitted and established facts conduce strongly to the conclusion that the appellees have not had such possession, actual or constructive, of the land in controversy as to give them the right of possession. The appellants claim under Perciful, the appellees under Simpson, as owners of different tracts not conflicting in boundary.

It appears that Walker's line and one line of Simpson's patent are coincident, and that the appellees derive all their title from Walker, who claimed under Simpson.

The land in contest is not embraced by Simpson's line, but is included in the boundary sold by Perciful to the ancestor of the appellants, which calls for Walker's line as coincident with Simpson's.

And it is quite clear that neither Walker nor any person holding under him ever enclosed or actually occupied the land in contest. all of which lies beyond Simpson's line. And if he or any of them misconceed the local line as now indisputably established as not interfering with the claim of the appellants, their possession of other land embraced by Simpson's patent, did not give them constructive possession of any of the land beyond that time

There was no apparent or presumable intention to extend the possession beyond Simpson's line. The appellees have, therefore, failed to show a possessory title.

On the contrary, the appellants have shown a constructive possession of the land in contest for years. Their possessory right appears, therefore, superior to that claimed by the appellees, and that is sufficient for this case, and ought to have ruled the decision of the circuit court, which nevertheless was against the appellants.

Daniel Haydon, under whom the appellees claim, recognized and admitted the line of Simpson and Walker as now established in this case. There could have been no constructive possession beyond that line so as to include the land now in controversy.

Wherefore, the judgment is reversed, and the cause remanded for a proper judgment in favor of the appellants for such damages as shall be assessed—for the alleged intrusion of their rightful possession.

*Walker, Cofer, for appellant.*

*Kincheloe & Lewis, for appellee.* .